# White *v.* Goodman et al., Appellants.

*Contracts—Breach of contracts—Loss of profits.*

In an action for breach of contract there is no legal obstacle to the recovery of damages for lost profits.

Profits are not excluded from recovery, because they are profits; but when excluded it is on the ground that there is no satisfactory standard by which to estimate the amount, with the certainty on which the adjudications of courts and findings of juries should be based. Profits which are the direct and immediate fruits of the contract entered into between the parties are part and parcel of the contract itself, and must be accepted as within the contemplation of the parties at the time of the execution thereof. If it reasonably appears that profits would have been made and the terms of the contract been observed, and that their loss necessarily followed its breach they may be recovered as damages if the evidence is sufficiently certain and definite to warrant the jury in estimating their extent.

*Practice, Superior Court—Appeals—Divided court—Affirmance of lower court.*

Where the appellate court is equally divided in opinion the judgment of the lower court will be affirmed.

Argued December 6, 1921. Appeal, No. 192, Oct. T., 1921, by defendants from judgment of C. P. Northampton

County, Feb. T., 1920, No. 100, on verdict for plaintiff in the case of L. M. White v. Theodore Goodman and Solomon Goodman. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for loss of profits upon a contract to conduct a sale for the defendants. Before McKEEN, J.

Verdict for plaintiff for $990 and judgment thereon.

The facts are stated in the following opinion by the court below refusing a new trial.

This is a motion for a rule to show cause why a new trial should not be granted. Five reasons were filed by defendants in support of the motion. The verdict of the jury was in favor of plaintiff in the sum of nine hundred ninety dollars ($990). Plaintiff's claim is based on a written contract entered into between himself and defendants which was admitted in evidence and reads:

"Article of Agreement made and entered into this 18th day of Nov., 1919, by and between Theodore and Solomon Goodman party of the first part, and the L. M. White Sales Co., party of the second part, witnesseth: That the party of the first part does hereby employ party of the second part to conduct and have full charge of a special sale of their stock of merchandise, composed of Furniture, Carpets, Rugs, Linoleum, Oilcloth, Stoves, Etc.

"Sale to begin not later than Nov. 28, 1919, and to continue for at least ten days.

"It is also agreed that party of the second part shall have full control of all advertising, cost of same not to exceed $125. Advertising to be paid for by party of the first part.

"Party of the first part agrees to pay to party of the second part for above mentioned services a commission of Cash sales 7 per cent—Credit sales 5 per cent Lump 4 per cent on amount realized from said sale. Sale is to be conducted on a cash and credit basis. All proceeds from the sale to be paid to the party of the first part at

the close of each day, less the 7 per cent—5 per cent or 4 per cent as above commission paid party of the second part. The conditions of this agreement to extend to the heirs, executors, administrators and assignees of both contracting parties.

"In witness whereof we herewith set our hands and seals this day and year first above mentioned."

Witness Pearl Goodman

(Signed)

"Should the above mentioned mds. be sold by party of first part before 21st inst. then this contract becomes null and void."

| | |
|---|---|
| Theod. Goodman | (Seal) |
| Solomon Goodman | (Seal) |
| L. M. White | (Seal) |

The plaintiff had considerable experience in conducting sales of the character specified in the contract and testified, from his experience in other sales, his knowledge of the locality, and the season of the year when sale commenced under the contract, he undoubtedly would have disposed of defendants' stock of goods and merchandise during the ten-day sale at the price which he inventoried same, to wit; the sum of fifteen thousand dollars ($15,000). He further testified that the cash sales would amount to at least eighty per cent (80%) and the credit sales at least twenty per cent (20%) of his inventory value. Defendants did not contradict plaintiff's testimony, but attempted to prove a bulk sale of the stock prior to November 21, 1919, which would have relieved them from fulfilling their part of the contract. An option was offered in evidence and excluded from the record on the statement of defendants that they were unable to follow the admission of the option in evidence with proof that an actual sale had been consummated. The plaintiff also testified, that, while ready and willing, he had been prevented from carrying out the terms of the contract by defendants. The breach of the contract and the measure of damages was submitted to the jury. The

254, (1922).] Opinion of Court below—Arguments.

only reasons advanced by defendants in support of their motion, that need be considered, are directed to the admission in evidence of the testimony of plaintiff as to the profits he expected to realize from the sale of defendants' stock of goods and merchandise. While, as a general rule, loss of profits is not the measure of damages for breach of contract, it is the measure where the anticipated profit was to have been realized directly from the contract. In Stewart v. Turner, 72 Pa. Superior Ct. 235, it was held: "In an action for breach of contract there is no legal obstacle to the recovery of damages for lost profits. Profits are not excluded from recovery, because they are profits; but when excluded, it is on the ground that there is no satisfactory standard by which to estimate the amount, with the certainty on which the adjudications of courts and findings of juries should be based. Profits which are the direct and immediate fruits of the contract entered into between the parties, are part and parcel of the contract itself and must be accepted as within the contemplation of the parties at the time of the execution thereof. If it reasonably appears that profits would have been made had the terms of the contract been observed, and that their loss necessarily followed its breach, they may be recovered as damages, if the evidence is sufficiently certain and definite to warrant a jury in estimating their extent." Under this rule, the case was properly submitted to the jury.

And now, June 6, 1921, motion for rule to show cause why a new trial should not be granted is refused.

*Error assigned* were various rulings on evidence and the charge of the court.

*Jas. W. Fox,* of *Edw. J. and Jas. W. Fox,* and with him *Daniel L. McCarthy,* for appellant.—The measure of damages in cases of this character must be compensation for the actual loss of the plaintiff by reason of his preparation to carry out the contract: Murphy v. Pitt Con-

struction Company, 52 Pa. Superior Ct. 316; Rogers v. Davidson, 142 Pa. 436; Duffield v. Rosenzweig, 144 Pa. 520; Clyde Coal Co. v. P. & L. E. R. R. Co., 226 Pa. 391; Rogers v. Bemus, 69 Pa. 432; Spiese v. Mutual Trust Company et al., 258 Pa. 422.

Damages for loss of uncertain or speculative profits cannot be recovered: Clyde Coal Co. v. Pittsburgh & Lake Erie R. R. Co., 226 Pa. 391; Cornelius v. Lytle, 246, 205.

*Henry D. Maxwell,* of *Kirkpatrick & Maxwell,* for appellee.—The plaintiff was entitled to recover for the loss of the profits which would have resulted from the fulfillment of the contract: Hoy v. Grenoble, 34 Pa. 9; Adams Express Co. v. Egbert, 36 Pa. 360; Murphy v. Pitt Construction Co., 52 Pa. Superior Ct. 321; Williams v. Phila., 208 Pa. 282.

PER CURIAM, March 3, 1922:

The six judges who heard the arguments in this case being equally divided in opinion, the judgment is affirmed.